## Oswald Estate

*Matten & Matten*, for accountant.

*Ellis Brodstein*, for Department of Public Assistance.

MARX, P. J., February 21, 1948.—Susan Oswald died on March 21, 1947, testate and not married. . . .

A claim was presented in behalf of the Commonwealth of Pennsylvania. The claim was based upon assistance given decedent in her lifetime, from December 1937 to January 23, 1947, aggregating $3,370.55. The advancements made by the Commonwealth were secured for payment by two judgments entered in the Court of Common Pleas of Berks County, each in the sum of $2,000, entered to (1) 72, June term, 1940, revived to 106, March term, 1945, and (2) 76, March term, 1947. Both judgments were liens on the real estate of decedent at the time of her death and we find that out of the net aggregate balance due the estate there is payable the full liability of the Commonwealth,

as claimed. There appeared to be some difficulty regarding the lien of these judgments against a one-half interest in the real estate of decedent. It is agreed that Amos Oswald, husband of the decedent, was the owner of premises 219 Franklin Street, Reading. On December 1, 1925, he conveyed to his wife, decedent, a one-half interest in those premises, and died, intestate and without issue, on January 17, 1936. Susan Oswald, this decedent, thus owned a one-half interest in the real estate as a result of that conveyance. She died on March 21, 1947. The earlier judgment was entered to June term, 1940, and the later to March term, 1947. Both judgments were liens upon the real estate of Susan Oswald, decedent, owned by her immediately after the death of her husband Amos.

Amos Oswald having died intestate and without issue, his surviving spouse was entitled to a prior distribution of $5,000 out of his estate. No assets or property were set aside and appraised to the surviving spouse, on account of said prior distribution, during the life of that spouse. After her death the executrix of her will, on August 13, 1947, asked that there be set aside and confirmed to the estate of this decedent, on account of her distributive right, the one-half interest in the premises aforesaid, 219 Franklin Street, Reading. Appraisers were appointed and in due course the appraisement was confirmed and the real estate, the undivided moiety in the appraised premises, was confirmed to her. On the authority of Hast's Estate, 51 D. & C. 314, we find, and hold accordingly, that immediately upon the death of Amos Oswald, his estate, real and personal, being of value less than $5,000, vested in his surviving spouse, subject only to a cloud until confirmation of the estate to her or, after her death, to her estate. It follows that the undivided half interest in the real estate, accordingly vested in this decedent under intestate law, at the death of Amos Oswald on January 17, 1936, and the same conse-

quently became subject to the liens held by the Commonwealth. An award is accordingly made to the Commonwealth in the sum claimed, $3,370.55. . . .

And now, February 21, 1948, this adjudication is confirmed nisi, and in the absence of exceptions, filed within 10 days herefrom, such confirmation shall become absolute, as of course.